## Case No. 12,298.

### SANDERSON v. COLUMBIAN INS. CO.

[2 Cranch, C. C. 218.] [1]

Circuit Court, District of Columbia. Nov. Term, 1820.

**MARINE INSURANCE—REPAIRS—METHOD OF DETER-MINING—CUSTOM.**

1. In ascertaining whether the loss upon a policy of marine insurance amounts to five per cent., a deduction must be made of one-third of the costs of the repairs, as an allow-ance for the difference of value between the new and the old materials.

2. A general usage among shipowners and un-derwriters in relation to the settlement of av-erage losses, if known to the parties, becomes part of the contract, and binds the parties.

This was an action upon a policy of insur-ance, to recover for damage exceeding five per cent. on 6,000 dollars insured on the ship Thomas. By terms of the policy, the under-writers were not liable for any loss or dam-age under five per cent. upon the amount in-sured. The repairs amounted to 372 dollars, which was more than five per cent.; but if one-third should be deducted for the differ-ence of value between the new and the old materials, the loss or damage would be less than five per cent.

1 [Reported by Hon. William Cranch, Chief Judge.]

The plaintiff's counsel, Mr. Hewitt and Mr. Swann, contended that there should be no such deduction, or, if any, not one-third.

Mr. Jones, for defendants, cited "The Shipmaster's Assistant and Owner's Manual," pp. 130. 136.

THE COURT (THRUSTON, Circuit Judge, absent) decided that on settlement of a partial average the difference in value between the new and the old materials ought to be deducted, whether the deduction reduced the sum below the five per cent. or not.

Mr. Nichols, a witness sworn on the part of the defendants, testified, that he has been an insurance broker twenty-three years; that the universal practice, as far as he knows and believes, is to deduct one-third for the difference in value between the new and the old materials, whether they were half worn, or three-fourths worn, or quite new; that sometimes the insured gains, and sometimes loses, by the rule.

THE COURT further instructed the jury that if they should be satisfied by the evidence, that the practice, as stated by Mr. Nichols, was the general usage, in settlement of average losses, among shipowners and underwriters, and that the usage was known to the plaintiff at the time of the contract, it was to be considered a part of the contract, and the plaintiff was bound by it.

Mr. Swann asked whether the opinion was the same, whether the materials, used in the repair, were new or old.

THE COURT said it would be time enough to answer that question when a case should occur.